ROUSH *v.* DARMSTAETTER.

APPEAL—BILL OF EXCEPTIONS — ASSIGNMENTS OF ERROR — COURT RULES.

> A writ of error will be dismissed on motion where no assignments of error accompanied the bill of exceptions at the time of its settlement, as required by Circuit Court Rule 47, par. (e).

Error to Saginaw; Snow, J.

*Assumpsit* by William T. Roush against Rudolph O. Darmstaetter. From a judgment for defendant, plaintiff brings error. On motion to dismiss. Submitted June 15, 1897. Granted June 28, 1897.

*Lamson & Denfeld,* for the motion.

*John A. Combs* (*C. H. Gage,* of counsel)`, contra.*

GRANT, J. A motion is made to dismiss the writ of error issued in this cause. It is time that the profession should understand whether this court will enforce paragraph (e) of Circuit Court Rule 47, or whether it may be ignored with impunity, and virtually abrogated. The provision of the rule is as follows:

" There shall accompany every bill of exceptions at the time of its service, and at the time of its settlement, a detailed assignment of all the alleged errors upon which the appellant proposes to rely. No bill of exceptions shall be signed unless accompanied by such assignment of errors, and no errors shall be considered by the Supreme Court that are not a part of such assignment."

This is a very proper case for a determination of the practice, for it involves no hardship to anyone. The case involves only $25, and has been tried once in justice's court and twice in the circuit court. No assignments of error were incorporated in the bill of excep-

tions, and were not made or served until some days after the bill was signed. Under the rule, the judge had no right to sign the bill, and the errors assigned cannot be considered by us. The object of this rule is that the attention of the circuit judge may be called to the errors assigned, and that only such testimony as relates to the assigned errors shall be incorporated in the bill. This rule should be rigidly enforced by the circuit judges, and any case not settled in accordance with the rule should be promptly dismissed out of this court.

The motion is granted, and the writ dismissed, with costs.

LONG, C. J., HOOKER and MOORE, JJ., concurred with GRANT, J.

MONTGOMERY, J. Inasmuch as no motion is made to remand this case for resettlement, I concur in the result.